UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES M. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 1:21-cv-03106-JPH-MPB |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petitioner, James Johnson, filed a writ of habeas corpus challenging a prison disciplinary proceeding, NCF 21-11-0047. Before the Court is Respondent's motion to dismiss. Because the petitioner fails to show he is in custody with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **dismissed** for lack of jurisdiction.

## I. Legal Standard

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. See *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that, in order to be considered "in custody" for purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not

1

imposed, a prison disciplinary official is "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

## II. Discussion

Respondent moves to dismiss this action on the ground that Mr. Johnson is not in custody due to the challenged disciplinary proceeding. Dkt. 14, dkt. 15 at 3. Specifically, Respondent claims that Mr. Johnson's petition is moot because the prison did not enforce the suspended sanctions that would have affected his custody and the time to enforce these sanctions expired on May 15, 2022. *Id.* at 2 (citing dkt. 14-2 and dkt. 14-3); *see also* dkt. 15 at 2–3. Mr. Johnson does not dispute that the sanctions were not enforced. Dkt. 16. Rather, he argues that his disciplinary conviction may impact his eligibility to earn credit time in the future and reasserts the grounds previously stated in his petition. Dkt. 16 at 2.

In a disciplinary proceeding identified as NCF 21-11-0047, Mr. Johnson was found guilty of conspiring or attempting to engage in a group demonstration/work stoppage. Dkt. 14-1. On November 15, 2021, the hearing officer imposed a suspended loss of 90 days' good-time credit and a suspended demotion in class credit. *Id.* After six months, suspended sanctions can no longer be enforced. *See* Indiana Department of Correction Disciplinary Code for Adult Offenders, § IX.E.3(d)(1); Ind. Code 11-8-2-5(a)(8). The Court has reviewed the record and finds that none of the suspended sanctions were subsequently enforced. Dkt. 14-2 at 6 (records indicating that as of May 19, 2022, Mr. Johnson was not sanctioned with the deprivation of ninety days good credit or a class credit demotion). Because more than six months have passed since the hearing officer imposed these suspended sanctions, they cannot be enforced, and they will not impact the duration of Mr. Johnson's custody.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because six months have passed and the suspended sanctions have not been imposed on the petitioner, this habeas action, even if the petitioner is successful, cannot affect the duration of the petitioner's custody. The petitioner is therefore not "in custody," and this action is moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Even if Mr. Johnson's disciplinary conviction may affect his ability to earn credit time in the future, he may not proceed on his petition because he was not deprived of earned credit time or demoted in credit-earning class. A sanction that results in the denial of a *future* opportunity to earn an earlier release does not affect an inmate's "custody" in a manner that permits habeas review. *See Hadley v. Holmes*, 341 F.3d 661, 664-65 (7th Cir. 2003); *Holleman v. Finnan*, 259 F. App'x 878, 879 (7th Cir. 2008); *see also Jones v. Zatecky*, No. 1:16-cv-0255-LJM-DML, 2016 U.S. Dist. LEXIS 59722, at *2-3 (S.D. Ind. May 5, 2016) (dismissing a petition for writ of habeas corpus for lack of jurisdiction even though the petitioner argued that the conviction may impact his opportunity to earn future credit). Because Mr. Johnson cannot establish that his disciplinary conviction affects his custody, his petition for writ of habeas corpus is moot. Therefore, this Court must dismiss Mr. Johnson's petition for lack of jurisdiction.

### III.   Conclusion

Respondent's motion to dismiss, dkt. [14], is **granted**. Mr. Johnson's petition for a writ of habeas corpus is **dismissed** for lack of jurisdiction. Final Judgment in accordance with this decision shall now issue.


**SO ORDERED.**

Date: 1/11/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES M. JOHNSON
264969
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov